TRACEY *v.* CAMPBELL

NEW TRIAL—NEGLIGENCE—DAMAGES—PARTIAL NEW TRIAL.
Partial new trial on the issue of damages may be granted a plaintiff who suffered permanent and disfiguring burns even though he fails to show prejudice at trial, erroneous jury instructions, or clear evidence for plaintiff if he can establish that his substantial rights were materially affected, that liability of the defendant was clear and not in contention, and that the award given was so inadequate as to shock the judicial conscience (GCR 1963, 527.1).

Appeal from Wayne, Harry J. Dingeman, Jr., J. Submitted Division 1 January 13, 1969, at Detroit. (Docket No. 5,159.)   Decided February 27, 1969. Rehearing denied April 4, 1969.   Leave to appeal denied December 16, 1969.   See 383 Mich 752.

Complaint by Virginia Tracey, for herself and as next friend of Dale Tracey, a minor, against William and Mary Campbell for negligence in leaving unattended a pile of burning leaves.   Verdict and judgment for plaintiff.   Dale Tracey appeals seeking a new trial on the issue of damages.   Reversed and remanded for a new trial.

*Sanford N. Lakin,* for plaintiffs.

*Plunkett, Cooney, Rutt & Peacock,* for defendants.

REFERENCE FOR POINTS IN HEADNOTE
39 Am Jur, New Trial § 145,

BEFORE: Fitzgerald, P. J., and R. B. Burns and Bronson, JJ.

Per Curiam.  Action by plaintiff minor by his next friend.  Plaintiff child was burned when he and other children attempted to jump over a pile of burning leaves raked and piled in defendants' backyard. Disfigurement and skin grafts resulted.  A jury returned a verdict for $5,000 for the boy's mother and $1,000 for the boy.  A motion for new trial on the grounds of an inadequate verdict ($1,000) was denied and the minor appeals, requesting either a new trial in whole or a partial trial as to his damages only.

The plaintiff in this case suffered permanent and disfiguring damages.  To grant a partial new trial where the jury was properly instructed, no prejudice occurred and the evidence was not clearly for plaintiff requires that several factors be present.  First, the liability must be clear and that does not appear to be in contention here.  Second, GCR 1963, 527.1 allows a new trial to be granted "to all or any of the parties and on all or part of the issues whenever their substantial rights are materially affected." Third, the award must be so inadequate as to "shock the judicial conscience."  Given the exent of the injuries here, and after consideration of the other factors, we hold the award is not in good conscience a fair compensation for the pain and suffering occasioned by the burns.

Reversed.  Remanded for a new trial as to minor plaintiff's damages.  Costs to appellant.